UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ZEAVISION, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:21CV1487 HEA |
| | ) | |
| BAUSCH & LOMB INCORPORATED, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(2) and 12(b)(6), or in the Alternative, to Stay or Transfer, [Doc. No. 45]. Plaintiff opposes the Motion.   Also before the Court is Plaintiff's Motion to Conduct Discovery Limited to the Issue of Personal Jurisdiction, [Doc. No. 55]. Defendant opposes this motion. For the reasons set forth below, the Motion to Dismiss will be granted; the Motion for Discovery will be denied.

### Relevant Allegations of Fact

Plaintiff's First Amended Complaint alleges its claims arise under the antitrust and unfair competition laws of the United States, 15 U.S.C. § 1, *et seq*. Plaintiff also claims Defendant has directed monopolistic acts to Missouri and has engaged in intentionally, knowingly, and/or recklessly published false and/or misleading statements in commercial advertising or promotion. Plaintiff claims Defendant has filed sham claims and has engaged in patent misuse. Specifically,

Plaintiff alleges Defendant: falsely claimed patent protection; made false statements that it sells the only patented AREDS-2 supplement; forced and attempted to force competitors to stop using AREDS and AREDS-2 in their marketing; and required cessation of use of AREDS and AREDS-2 in marketing by companies actually implementing those formulas as part of settlement agreements. Plaintiff claims that each of these activities constitute actions in restraint of trade.

Defendant moves to dismiss the First Amended Complaint because Plaintiff has not sufficiently established the Court may exercise personal jurisdiction over it. Plaintiff argues that it has established personal jurisdiction under both the Clayton Act, 15 U.S.C. § 22 and specific jurisdiction.

## Standard

"Personal jurisdiction over a defendant represents the power of a court to enter a valid judgment imposing a personal obligation or duty in favor of the plaintiff." *Viasystems, Inc. v. EBM Pabst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 592 (8th Cir. 2011) (internal quotation marks omitted). The plaintiff "bear[s] the burden of establishing a prima facie showing of jurisdiction," and the Court views the facts in the light most favorable to the plaintiff. *Kaliannan v. Liang*, 2 F.4th 727, 733 (8th Cir. 2021). The evidentiary showing required at this stage is minimal. *Bros. & Sisters in Christ, LLC v. Zazzle, Inc.*, 42 F.4th 948, 951 (8th Cir.

2022). "A prima facie showing 'is accomplished by pleading sufficient facts to support a reasonable inference that the defendant can be subjected to jurisdiction within the state.'" *Id.* (quoting *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591–92 (8th Cir. 2011)). In addition, the Court "may look beyond the pleadings to determine whether personal jurisdiction exists, including reviewing affidavits and other exhibits." *Pederson v. Frost*, 951 F.3d 977, 979 (8th Cir. 2020).

**The Clayton Act**

According to Plaintiff, personal jurisdiction and proper venue in this Court are established pursuant to the Clayton Act. Special venue and service-of-process rules apply to private antitrust lawsuits brought against corporate defendants under the Clayton Act:

> Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found.

15 U.S.C. § 22. When Congress has provided for worldwide service of process, as it has done in the Clayton Act, "due process requires only that [a defendant] have sufficient minimum contacts with the United States as a whole to support personal jurisdiction." *KM Enters., Inc. v. Global Traffic Techs., Inc.*, 725 F.3d 718, 730–31 (7th Cir. 2013); *accord In re Fed. Fountain, Inc.*, 165 F.3d 600, 601–02 (8th Cir.

3

1999) (holding that, when a federal statute permits nationwide service of process, Congress has "exercised its authority to furnish federal district courts with the power to exert personal jurisdiction nationwide").

Plaintiff has alleged "on information and belief" that Defendant transacts business within the State of Missouri, within the meaning of Section 22.

Under the Clayton Act, venue over a corporate defendant is proper "in any district wherein it ... transacts business." 15 U.S.C. § 22. "[A] corporation is engaged in transacting business in a district if in fact, in the ordinary and usual sense, it transacts business therein of any substantial character." *United States v. Scophony Corp. of Am.*, 333 U.S. 795, 807, 68 S.Ct. 855, 92 L.Ed. 1091 (1948) (internal quotation marks omitted). The purpose of the "transacts business" language in the Clayton Act is to make the "practical, everyday business or commercial concept of doing or carrying on business 'of any substantial character' [ ] the test of venue." *Campos v. Ticketmaster Corp.*, 140 F.3d 1166, 1173 (8th Cir. 1998) (quoting *Scophony*, 333 U.S. at 807, 68 S.Ct. 855).

As Defendant argues, Plaintiff's First Amended Complaint fails to establish jurisdiction under the Clayton Act for several reasons. Initially, the allegations are made "on information and belief." This type of pleading is ordinarily insufficient to establish personal jurisdiction. *See C. Pepper Logistics, LLC v. Lanter Delivery*

*Systems, LLC*, No. 4:20-cv-1444, 2021 WL 3725680, at \*4 n.6 (E.D. Mo. Aug. 23, 2021).

Furthermore, the First Amended Complaint fails to allege venue under Section 22, rather, the First Amended Complaint specifically alleges venue pursuant to 28 U.S.C. § 1391.

> As [Defendant] notes, there are unique considerations when assessing personal jurisdiction in the context of an antitrust claim under the Clayton Act. [] Section 12 of the Clayton Act grants nationwide jurisdiction over corporate antitrust defendants provided there are sufficient minimum contacts with the United States as a whole. 15 U.S.C. § 22; *See In re Fed. Fountain, Inc.*, 165 F.3d 600 (8th Cir. 1999). The first clause of Section 12 outlines the venue requirements for corporate antitrust defendants; the second clause establishes nationwide service of process. The Seventh Circuit recently held that Section 12 is a "package deal," and "to avail oneself of the privilege of nationwide service of process, a plaintiff must satisfy the venue provisions of Section 12's first clause." *KM Enterprises, Inc. v. Global Traffic Techs., Inc.*, 725 F.3d 718, 730 (7th Cir. 2013). Put differently, a plaintiff cannot rely on the standard federal venue provision, 28 U.S.C. § 1391, while claiming nationwide personal jurisdiction under the Clayton Act. The Second Circuit and D.C. Circuit reached similar conclusions, while the Third Circuit and Ninth Circuit interpreted the statute more broadly.
>
> It does not appear that the Eighth Circuit has addressed whether the venue and nationwide service provisions of Section 12 should be read together. At least one court in the Eighth Circuit, however, appears to have reached the same conclusion as the Seventh Circuit. *See Willis Elec. Co., Ltd. v. Polygroup Macau Ltd. (BVI)*, 437 F. Supp. 3d 693, 703 (D. Minn. 2020); *see also Sitzer v. Nat'l Ass'n of Realtors*, Case No. 4:19-CV-00332-SRB, 2019 WL 3892873, at \*2- 3 (W.D. Mo. Aug. 19, 2019) (discussing issue but finding jurisdiction was proper under either interpretation).
>
> Plaintiff has not addressed Section 12 or in any way tethered its jurisdictional claims to the Clayton Act. Plaintiff certainly has not argued that venue is proper under Section 12. Even construing Plaintiff's complaint liberally, there is no allegation that [Defendant] transacts business "of any

substantial character" in this district, as required to establish venue under the Clayton Act. *United States v. Scophony Corp. of Am.*, 333 U.S. 795, 807 (1948).

*MNG 2005, Inc. v. Paymentech, LLC*, No. 4:18-CV-01155-JAR, 2020 WL 6582660, at *3 n.3 (E.D. Mo. Nov. 9, 2020).

Likewise, there are no allegations that Defendant transacts business of a substantial character in this district, rather, the allegations claim Defendant merely transacts business in Missouri; the Court agrees a claim of transacting business within the entire State of Missouri fails to satisfy the requirements under the Clayton Act.

**Specific Jurisdiction**

While the burden to make a prima facie showing of personal jurisdiction at this stage of the litigation is "minimal," conclusory allegations and speculations are insufficient where no other allegations provide plausible factual support. *See Zazzle, Inc.*, 42 F.4th at 951 (requiring the pleading of sufficient facts to support a reasonable inference that the defendant can be subjected to jurisdiction within the state); *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 598 (8th Cir. 2011) (explaining that when a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, dismissal for lack of personal jurisdiction is appropriate); *Miller v. Nippon Carbon Co.*, 528 F.3d 1087, 1092 (8th Cir. 2008) (holding a "conclusory allegation is not enough to establish

personal jurisdiction" and that the plaintiff had "the burden of proving facts

supporting personal jurisdiction, not by the pleadings alone, but by the affidavits

and exhibits" (internal quotation marks and citation omitted)). This is true, even

though the plaintiff does not bear the ultimate burden to prove personal jurisdiction

by the preponderance of the evidence until trial or when the court holds an

evidentiary hearing on the question. *Creative Calling Sols., Inc. v. LF Beauty Ltd.*,

799 F.3d 975, 979 (8th Cir. 2015).

Since Plaintiff has not established personal jurisdiction under the Clayton

Act, which provides for nationwide personal jurisdiction, "the existence of

personal jurisdiction depends on the long-arm statute of the forum state and the

federal Due Process Clause." *Zazzle, Inc.*, 42 F.4th at 951.

Missouri's long arm-statute provides personal jurisdiction over non-resident

defendants based on "the transaction of any business within [Missouri]." Mo. Rev.

Stat. § 506.500.1. The long-arm statute is "construed broadly, such that if a

defendant commits one of the acts specified in the long-arm statute, the statute will

be interpreted 'to provide for jurisdiction ... to the full extent permitted by the

[D]ue [P]rocess [C]lause.' " *Hand v. Beach Ent. KC, LCC*, 425 F. Supp. 3d 1096,

1106 (W.D. Mo. 2019) (quoting *Viasystems*, 646 F.3d at 593.)

Although Plaintiff attempts to allege specific jurisdiction, the First Amended

Complaint fails to allege that any of the subject products had anything to do with

Missouri.   Plaintiff's allegations are specific with regard to the litigation in New York.   Plaintiff fails to allege any of Defendant's business locations in Missouri have anything to do with this suit.

"Even if personal jurisdiction over a defendant is authorized by the forum state's long-arm statute, jurisdiction can be asserted only if it comports with the strictures of the Due Process Clause." *Viasystems*, 646 F.3d at 594 (citing *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)). "The touchstone of the due-process analysis remains whether the defendant has sufficient 'minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.' " *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "This connection must be based on 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.' " *Creative Calling Sols., Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 980 (8th Cir. 2015) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985)). "The defendant's contacts with the forum must thus be more than 'random, fortuitous, or attenuated,' and must permit the defendant to 'reasonably anticipate being haled into court there.' " *Id.* (quoting *Burger King Corp.*, 471 U.S. at 474-75). "In other words, '[t]o establish specific jurisdiction the suit must arise out of or relate to the defendant's contacts with the forum.' "

*Alexander v. Suzuki Motor of Am., Inc.*, No. 4:17-CV-1942-JCH, 2018 WL
3819037, at *3 (E.D. Mo. Aug. 10, 2018) (quoting *Suzuki Mfg. of Am. Corp.*, 2017
WL 4617073, at *2).

In this circuit, the due process standard has been expressed as a
consideration of five factors: (1) the nature and quality of the contacts with the
forum state; (2) the quantity of those contacts; (3) the relationship of those contacts
with the cause of action; (4) Missouri's interest in providing a forum for its
residents; and (5) the convenience or inconvenience to the parties. *Id.* (quotation
omitted). "Although [e]ach defendant's contacts with the forum State must be
assessed individually, [n]aturally, the parties' relationships with each other may be
significant in evaluating their ties to the forum." *Hand v. Beach Ent. KC, LCC*, 425
F. Supp. 3d 1096, 1107 (W.D. Mo. 2019) (quotations and citations omitted).

As to the due process analysis, the Eighth Circuit Court of Appeals has
explained,

> "Critical to due process analysis is that the defendant's conduct and
> connection with the forum state are such that he should reasonably anticipate
> being haled into court there." *Kaliannan*, 2 F.4th at 733 (cleaned up)
> (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct.
> 2174, 85 L.Ed.2d 528 (1985)). The relevant conduct and connections for the
> due process analysis depend on whether personal jurisdiction is alleged to be
> general or specific. *See Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, ——
> U.S. ——, 141 S. Ct. 1017, 1024, 209 L.Ed.2d 225 (2021). General
> jurisdiction exists where a defendant is "essentially at home" in the forum
> state, whereas specific jurisdiction "covers defendants less intimately
> connected with a State, but only as to a narrower class of claims," namely
> those that " 'arise out of or relate to the defendant's contacts' with the

9

forum." *Id.* at 1024–25 (quoting *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cnty.*, —— U.S. ——, 137 S. Ct. 1773, 1780, 198 L.Ed.2d 395 (2017)).

*Zazzle, Inc.*, 42 F.4th at 951–52.

In this case, Plaintiff does not argue that the Court has "general" jurisdiction over Defendant; instead, it argues that the Court has "specific" jurisdiction over this defendant. Thus, as in *Zazzle, Inc.*, this Court "must decide whether [Defendant] has certain minimum contacts with the forum state and whether [Plaintiff's] claims 'arise out of or relate to [Defendant's] contacts.' " 42 F.4th at 952 (quoting *Kaliannan*, 2 F.4th at 733, in turn quoting *Ford Motor*, 141 S. Ct. at 1025).

Plaintiff has alleged only "on information and belief" that Defendant operates in Missouri "on information and belief" are not sufficient, because they are only conclusory and speculative, where no other allegations or evidence provides plausible factual support. *See Zazzle, Inc.*, 42 F.4th at 951 (explaining that the plaintiff must plead sufficient facts to support a reasonable inference that the defendant can be subjected to jurisdiction in this state); *Viasystems, Inc.*, 646 F.3d at 598 (explaining that speculation or conclusory assertions about contacts with a forum state are not enough to avoid dismissal for lack of personal jurisdiction); *Miller*, 528 F.3d at 1092 (holding a "conclusory allegation is not enough to

10

establish personal jurisdiction"; rather, proof of facts by evidence and affidavit is required).

Plaintiff's First Amended Complaint raises issues with regard to Defendant's actions toward it and other producers of the subject products in suits filed in other jurisdictions. Taking the evidence in the light most favorable to Plaintiff does not mean ignoring a lack of evidence. Nor does it mean speculating and engaging in conjecture as to what Plaintiff is or might be alleging.

Plaintiff argues that if the Court concludes its arguments do not establish personal jurisdiction, then the Court should allow limited jurisdictional discovery prior to dismissing this case. In *Viasystems, Inc.*, the Eighth Circuit Court of Appeals concluded,

> Viasystems' assertion that jurisdictional discovery "would likely" reveal these facts [concerning the relationship between a company and its distributors] is entirely speculative, and "[w]hen a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1074 n. 1 (8th Cir. 2004) (quoting *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003)). Accordingly, the district court did not abuse its discretion in denying Viasystems' motion for jurisdictional discovery.

*Viasystems, Inc.*, 646 F.3d at 598. Plaintiff's assertion that discovery might reveal facts about the nature of Defendant's contacts in Missouri is likewise entirely speculative and conclusory. *Id.*

**Conclusion**

11

The Court concludes that Plaintiff has failed to make the required prima facie showing that Defendant's conduct and connection with this state are such that Defendant should reasonably have anticipated being haled into court here. *Zazzle, Inc.*, 42 F.4th at 951 (explaining that this reasonable anticipation is "[c]ritical to due process analysis" of personal jurisdiction). The Court concludes further that Plaintiff's request for jurisdictional discovery prior to dismissal for lack of personal jurisdiction must be denied. Therefore, Defendant's Motion to Dismiss the First Amended Complaint for lack of personal jurisdiction is granted. Such dismissal is without prejudice, however, because Plaintiff may be able to bring its claims against Defendant in a court that does have personal jurisdiction over that it.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant' s Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(2) and 12(b)(6), or in the Alternative, to Stay or Transfer, [Doc. No. 45], is granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Conduct Discovery Limited to the Issue of Personal Jurisdiction, [Doc. No. 55] is denied.

Dated this 21st day of November, 2022.


_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

12